NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOSES WILSON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-cv-5219 (DMC) |
| CITY OF NEWARK, NEW JERSEY, JOSEPH HADLEY, JR. (NEWARK POLICE OFFICER BADGE NUMBER 6782), JOHN DOE 1-10, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants City of Newark and Joseph Hadley, Jr., (collectively "Defendants") to dismiss Plaintiff Moses Wilson's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Pursuant to Rule 78 of the Federal Rules of Civil Procedure no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motion to dismiss is **denied.**

I.  **BACKGROUND**

Plaintiff was the owner and operator of Sights Social Club, a licensed social club located at 175 Miller Street, Newark, NJ. Compl. ¶ 13. According to the Complaint, on March 24, 2002, Defendants falsely, maliciously, and without probable cause searched and arrested Plaintiff at his club on charges of promoting prostitution and possession of narcotics and narcotics paraphernalia. Compl. ¶ 14. Plaintiff alleges that Defendants confiscated and impounded personal property and

cash pursuant to the search. Compl. ¶ 15. The Complaint further alleges that Defendants prepared an investigative report, interrogated Plaintiff and imprisoned Plaintiff. Compl. ¶¶ 16-17. Plaintiff also claims that Defendants negligently and recklessly impounded and transported Plaintiff's property without the necessary degree of care required to maintain and preserve the property. Compl. ¶ 18.

The Complaint states that Defendants maliciously used excessive and unreasonable force when they arrested and placed physical restraints on Plaintiff because Defendants knew or should have known that the handcuffs were too small. Compl. ¶ 19. Plaintiff also claims that Defendants purposely made the handcuffs too tight with the intent to inflict physical discomfort, pain, and injury and that Plaintiff has since lost feeling in his right hand, left elbow, and left arm. Compl. ¶ 19. As a result, according to Plaintiff, he was deprived of his personal liberty, suffered great pain and mental anguish, and was damaged by Defendants' actions which were "tantamount to and the practical equivalent of physical torture." Compl. ¶ 20.

Plaintiff states that on March 24, 2002, Defendants filed a verified application which falsely and maliciously averred that Plaintiff committed the offenses of promoting prostitution and possession of narcotics and narcotics paraphernalia. Compl. ¶ 21. Plaintiff further states that because of the application, it was falsely made to appear that a sufficient cause of action existed for the issuance of criminal complaint docket number 15820-02, and for Plaintiff's arrest. Compl. ¶ 22. The Complaint states that on March 25, 2002, Plaintiff was in custody for approximately six hours when he was released after posting bail. Compl. ¶ 23.

According to the Complaint, the criminal complaint against Plaintiff was dismissed with prejudice on June 1, 2005 and Defendants issued authorization to Plaintiff to retrieve his property

on June 20, 2005.  Compl. ¶¶ 26-27.  The Complaint further alleges that on June 27, 2005, Defendants told Plaintiff that his property could either not be located or was water-damaged beyond repair.  Compl. ¶ 28.  Plaintiff also claims that the malicious conduct of Defendants injured his name and credit, prevented him from earning a living and supporting his family, deprived him of his liberty, subjected him to unlawful searches, and caused severe and permanent emotional and mental stress.  Compl. ¶ 23.  The Complaint states that Plaintiff was required to spend $5,000.00 for counsel to defend him.  Compl. ¶ 23.

Plaintiff filed the present Complaint on October 31, 2006, against Defendants City of Newark, New Jersey, Joseph Hadley, Jr. (Newark Police Officer Badge # 6782), and John Doe 1-10, asserting claims for violation of his Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Compl. Count One); violation of his Fifth, Sixth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983 (Compl. Count Two); false arrest (Compl. Count Three); illegal use of excessive force (Compl. Count Four); and malicious prosecution (Compl. Count Five).

Plaintiff filed the Complaint on October 31, 2006.  Defendants filed a motion to dismiss the present action on December 15, 2006, pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss states that Plaintiff's claims were filed beyond the applicable statutes of limitations and that Defendants' failure to properly maintain Plaintiff's property does not amount to a constitutional deprivation of property without due process of law.  Plaintiff filed an opposition brief on December 29, 2006 stating that Plaintiff consents to dismissal of Counts One, Three, Four, and Five of the Complaint, and admitting that each is barred by the applicable statute of limitations. Therefore, this Court considers only Count Two of the Complaint.

**II.**     **DISCUSSION**

### A.     Standard of Review for 12(b)(6) Motion to Dismiss

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490,501 (1975); Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts, Inc., 140 F.3d 478, 483 (3d Cir. 1998).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B.     Application of Statute of Limitations to Count Two

The Supreme Court has instructed that courts entertaining claims brought pursuant to 42 U.S.C. § 1983 and § 1985 should borrow the analogous state statute of limitations for personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 280 (1985).  The general statute of limitations for personal injury actions in New Jersey is two years.  N.J. Stat. Ann. § 2A:14-2 (2007); Cito v. Bridgewater Tp. Police Dept., 892 F.2d 23, 24 (3d Cir. 1989).  In Cito, the Third Circuit found that the plaintiff's 42 U.S.C. § 1983 claim was subject to New Jersey's two-year statute of limitations for personal injuries. Id.  As such, a two-year statute of limitations applies to claims arising under 42 U.S.C. § 1983 and § 1985.  The statute of limitations starts to run on the date upon which the right to institute and maintain a suit first arises.  Montag v. Bergen Bluestone Co., 145 N.J. Super. 140 (Law Div. 1976). Plaintiff first became aware that his property was lost on June 27, 2005.  It follows that the right to institute and maintain a suit first arose on June 27, 2005 because Plaintiff was not aware of the condition of the property before this date.  This Complaint was filed on October 31, 2006. Contrary

to Defendants' contentions, Plaintiff has timely filed the Complaint within the two-year statute of limitations with regard to his claim for the deprivation of his property without due process in violation of his Fourteenth Amendment rights.

### C. Alleged Deprivation of Plaintiff's Due Process Rights

Plaintiff must establish three elements to state a claim for deprivation of his due process rights: (1) the claimant must be "deprived" of a protectable interest; (2) the deprivation must be "due" to some government action; and (3) the deprivation must be without due process. Cospito v. Heckler, 742 F.2d 72, 80 (3d Cir. 1984). A federal court may not apply a more heightened pleading standard than the liberal pleadings requirements of Fed. R. Civ. P. 8(a) in civil rights cases. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998). The Federal Rules dictate that a claimant need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim. See Foulk v. Donjon Marine Co., Inc., 144 F.3d 252, 256 (3d Cir. 1998). The Third Circuit has held that a civil rights claim is adequate where it states the conduct, time, place, and persons responsible. Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980) (citing Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1979)).

The pleadings should suggest, however, more than mere negligence on the defendant's behalf. The Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327, 330 (1986). Far from an abuse of power, lack of due care suggests no more than a failure to measure up

to the conduct of a reasonable person.  Id. at 332.  To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law.  Id.  Therefore, Plaintiff's pleadings in the Complaint must allege more than simply a lack of due care by Defendants when the Plaintiff's property was lost or damaged beyond repair.

**III.   ANALYSIS**

It does not appear beyond doubt that no relief could be granted after taking the allegations in the Complaint as true and viewing all reasonable inferences in the light most favorable to the Plaintiff.  First, Plaintiff indicates the date, time, place, and persons in his claim of a civil rights violation: "On or about June 27, 2005 . . . [P]laintiff was informed by [D]efendants that his property either could not be located or, for the property located, had been damaged and water-logged . . . beyond repair."  Compl. ¶ 28.  Next, the Complaint goes on to allege that the "intentional, false, and malicious conduct of [D]efendants" deprived Plaintiff of property without due process and that Defendants acted with "malice and reckless disregard of Plaintiff's rights."  Compl. ¶¶ 29-30.  The Federal Rules require only a statement sufficient to put the opposing party on notice of the claim; the Rules do not require detailed facts upon which the claim for relief is based.  Foulk, 144 F.3d at 256.  These statements are sufficient to put Defendants on notice of Plaintiff's claims.  Since the claimant need not set out in detail the facts upon which his claim is based and the Complaint alleges more than mere negligence or lack of due care, Defendants' 12(b)(6) motion to dismiss must be **denied**.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants' motion to dismiss is **denied**.  An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       April  16 , 2007
Orig.:      Clerk
cc:         Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File