NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOSES WILSON, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 06-CV-5219 (DMC) |
| CITY OF NEWARK, JOSEPH HADLEY, JR. (Newark Police Officer Badge #6782), JOHN DOE No. 1-10 (name being gender neutral and fictitious as the true identity is unknown to plaintiff), | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendants City of Newark ("City"), Newark Police Officer Joseph Hadley, Jr. (Badge #6782) ("Hadley") and John Doe No. 1-10 (collectively, "Defendants") for summary judgment pursuant to FED. R. CIV. P. 56; and by Plaintiff Moses Wilson's ("Plaintiff") cross-motion for leave to amend the Complaint pursuant to FED. R. CIV. P. 15. On February 19, 2008, this Court sent a letter to the Parties advising that this case may be best suited for *sua sponte* summary judgment in favor of all Defendants. All Parties were given twenty days in which to address the summary judgment issue. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the Parties, and based upon the following, it is the finding of this Court that Defendant's motion for summary judgment is **granted**; and Plaintiff's cross-motion for leave to amend the Complaint is **denied**.

**I.    BACKGROUND**[1]

On March 24, 2002, the Newark Police Department ("Police") raided Plaintiff's place of business, a social club owned and operated by Plaintiff, resulting in the confiscation of various items. Plaintiff alleges that, on June 27, 2005, the City informed him that the confiscated property was lost or damaged. On or around September 21, 2005, Plaintiff filed a Notice of Claim against the City, seeking money damages for the missing and damaged property. On June 22, 2006, Plaintiff filed a Complaint against the City in the Superior Court of New Jersey. On December 19, 2006, those claims were dismissed without prejudice. Plaintiff filed the current action, alleging violations by the City of his Fourth, Fifth, Sixth and Fourteenth Amendment rights under 42 U.S.C. §1983. This Court dismissed Plaintiff's Complaint, except Count II, which alleges that Plaintiff suffered a constitutional deprivation because his property was lost or damaged. All discovery has been completed.

**II.   STANDARD OF REVIEW**

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of material fact. See id. "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving

---

[1] The facts set forth in this Opinion are taken from the undisputed facts set forth in the Parties' FED. R. CIV. P. 56.1 statements in their respective moving papers.

party." Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor. See FED. R. CIV. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990). "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences – including issues of credibility – in favor of the nonmoving party." Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.  DISCUSSION

Plaintiff alleges that Defendants failed to maintain property confiscated from him by the Police and that this failure to maintain rises to deprivation of property without due process in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff asserts that the City informed him that his property was either lost or damaged, which Plaintiff claims was intentional. Plaintiff also claims that Defendants recklessly neglected to protect other items from water damage. Defendants maintain that Plaintiff has failed to demonstrate how Defendants' conduct amounts to anything more than mere negligence.

Summary judgment is appropriate because Plaintiff has failed to demonstrate a genuine issue of material fact with respect to any element of Plaintiff's due process claim. Even if Defendants intentionally destroyed Plaintiff's property, the deprivation is a tortious loss and, because an adequate state remedy exists, due process has not been violated. Plaintiff has not demonstrated that the City promulgated a policy or custom that results in property deprivation. This showing is necessary to hold the City liable for the Police's conduct. Finally, Plaintiff's cross-motion for leave to amend the Complaint is denied because the amendment is futile.

> A.   The Court, *Sua Sponte*, Grants Summary Judgment in Favor of Hadley Because Plaintiff Failed to Show a Genuine Issue of Material Fact Concerning the Conduct of the Police and any Adequate Post-Deprivation Remedy Under a §1983 Claim

A court may grant summary judgment to a non-moving party as long as the court puts the adverse party on notice that the court is considering a *sua sponte* motion for summary judgment. See Gibson v. Mayor & Council of the City of Wilmington, 355 F.3d 215, 222 (3d Cir. 2004). The adverse party, however, must be given an opportunity to oppose summary judgment. See id. Here, only the City moved for summary judgment in this matter. The Plaintiff's response to the motion rests its argument solely on the Police's conduct. On February 15, 2008, this Court gave Plaintiff notice of its intention to grant *sua sponte* summary judgment in favor of Hadley. Plaintiff was given twenty days in which to address the summary judgment issue in a brief not to exceed forty pages in length.

In order to state a claim for the violation of due process rights under the Fourteenth Amendment to the United States Constitution, a plaintiff must establish: (1) the deprivation of a "protectable" interest; (2) that the deprivation is due to some government action; and (3) the deprivation must be without due process. See Cospito v. Heckler, 742 F.2d 72, 80 (3d Cir.

1984).

The Supreme Court of the United States has held that a loss of property by a state official's act may constitute a deprivation under the Due Process Clause. See Parratt v. Taylor, 451 U.S. 527, 537 (1981). A state's post-deprivation tort remedy, however, provides an adequate process that is constitutionally required. See id. at 538. In Davidson v. Cannon, the Court overruled Parratt, but only to the extent that a state official's mere negligence no longer amounts to a deprivation of one's constitutional rights. See Davidson, 474 U.S. 344, 348 (1986). Parratt remains in tact in requiring post-deprivation remedies in the event of a deprivation of one's property. The Court addressed this issue again in Hudson v. Palmer, in which it extended Parratt to intentional deprivations of property, holding that, as long as an adequate post-deprivation remedy exists, a constitutional violation has not occurred. See Hudson, 468 U.S. 517, 533 (1984).

In Parratt, the court distinguished between two types of deprivation of property. Either a deprivation occurs by the "random and unauthorized" act of a state official or it occurs because a state official acted pursuant to an established state procedure (*i.e.*, a state statute promulgating rules and procedures). See 451 U.S. at 537. If the conduct here were the latter, due process requires a hearing before the deprivation actually occurs. See id. A tortious loss of property, however, is the result of a random and unauthorized act by a state official. See id. at 541. The occurrence of such loss cannot be predicted by the state and in most cases it would be not only impracticable, but also impossible, to provide a hearing before the deprivation occurs. See id.

An adequate post-deprivation hearing consists of state tort remedies. The fact that a claimant may recover more under a §1983 claim than under a state claim does not render a post-deprivation remedy inadequate. See id. at 543-544.

Plaintiff offers "The Authorization for the Return of Evidence/Property," dated June 20, 2005, approved and signed by the Chief Assistant Prosecutor, to show all of the items that were confiscated. The report notes which confiscated items the Police refused to return to Plaintiff. The items not returned to Plaintiff were contraband (*e.g.*, mace cans, a police scanner with all of the Police's channels, black metal police batons, prison security belts, MK-9 pepper spray and a bullet proof vest). Plaintiff also provides his own list of items, totaling $6,605.32 in value, that he has deemed missing or stolen and a list, totaling $5,133.31 in value, that he has deemed "returned property destroyed by water." Finally, Plaintiff provides repair estimates from a local repair shop that note the damaged property due to water, deeming it "beyond repair."

Whether the property constitutes a protectable interest is not at issue here. Parratt and Hudson both involve a person's non-specific personal property (*e.g.*, a hobby kit belonging to a prison inmate in Parratt; "noncontraband personal property" in Hudson). See Parratt, 451 U.S. at 529; Hudson, 468 U.S. at 519.

Plaintiff does not provide any evidence that the Police intended to damage or lose his property. Plaintiff, instead, relies purely on his allegations of such intentional conduct. The City is not denying that Plaintiff's property was lost or damaged, but rather that any loss or damage that occurred resulted from negligent conduct.

Even if the Police intentionally damaged Plaintiff's property, which would constitute a deprivation, Plaintiff must still demonstrate that the deprivation occurred without adequate due process. Plaintiff neither claims nor offers any evidence that the loss of property is the result of an established state procedure, therefore, requiring a pre-deprivation hearing. Plaintiff also fails to demonstrate that any post-deprivation remedy that exists is inadequate. Instead, Plaintiff argues that, under Zinermon v. Burch, the Supreme Court of the United States held that a party need not exhaust state remedies before bringing a §1983 claim. This is inaccurate in the sense that it does not apply to procedural due process claims. See Zinermon, 494 U.S. 113, 125 (1990). The Court has specifically stated in Zinermon that:

> In procedural due process claims, the deprivation by state action of a constitutionally protected interest in "life, liberty, or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such interest without due process of law . . . . The constitutional violation actionable under section 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process.

See id. (internal citations omitted). Plaintiff recognizes this, but nonetheless fails to distinguish his claim from a procedural due process claim.

Therefore, in accordance with the Supreme Court's analysis of property rights under the due process clause of the Fourteenth Amendment to the United States Constituion, mere negligent conduct does not lead to a deprivation of property. Even if a deprivation of Plaintiff's property has occurred, Plaintiff's §1983 claim is not ripe because Plaintiff has not demonstrated that the State failed to provide due process through a post-deprivation remedy.

      B.      City's Motion for Summary Judgment is Granted Because the Police's Acts Are Not the Result of a Policy or Custom Promulgated by the City

A local governing entity can be sued directly under §1983 for the acts of its employees if such acts are the result of a policy or custom promulgated by the entity. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). The entity cannot be held liable under §1983 on a *respondeat superior* theory. See id. at 691.

Plaintiff does not allege in his Complaint that the Police's conduct resulted from a policy or custom promulgated by the City. Instead, Plaintiff suggests, in his counter statement of facts, that the Police's accounting procedure of property seized is inadequate but he neither argues this in his brief nor offers any evidence on the subject. Plaintiff has not even attempted to satisfy his burden of showing any genuine issue of material fact concerning a policy or custom promulgated by the City. Therefore, summary judgment in favor of the City is appropriate.

      C.      Plaintiff's Cross-Motion for Leave to Amend the Complaint is Denied Because the Amendment is Futile

Plaintiff seeks to amend the Complaint by adding a special damages claim for "loss of business and profits to Plaintiff's business" due to the damage and loss of his property. First, Plaintiff asserts that a §1983 claim is subject to a six-year statute of limitation under §2A:14-1. A §1983 claim is subject to a two-year statute of limitations for personal injuries under N.J.S.A. §2A:14-2 (2008). See Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 24 (3d Cir. 1989) (citing Owens v. Okure, 488 U.S. 235 (1989)). The Third Circuit held that the six-year statute is not applicable to an action for an injury to the person: "In light of the New Jersey Supreme Court's construction of its own state's statute, New Jersey's six-year residual statute is not the

8

residual personal injury statute to which the Owens holding must be applied; its two-year residual statute is." Id. at 25. The statute of limitations began to run when plaintiff became aware, on June 27, 2005, that his property was lost or damaged. See Wilson v. City of Newark, No. 06-5219, 2007 U.S Dist. LEXIS 27888, at *6 (D.N.J. Apr. 16, 2007). Plaintiff did not file the motion for leave to amend the complaint until well after the two-year limitation.

Second, Plaintiff asserts the Complaint may be amended under FED. R. CIV. P. 15. Rule 15 allows for an amended complaint to "relate back" to the date of the original complaint, thereby relaxing the statute of limitations. See FED. R. CIV. P. 15(c); see Mayle v. Feliz, 545 U.S. 644, 659 (2005). Plaintiff need only show that the amended claim arises "out of the conduct, transaction or occurrence set out, or attempted to be set out" in the original complaint. See id.; Bechtel v. Robinson, 886 F.2d 644, 651 (3d Cir. 1989). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659 (quoting Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc., 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)).

Plaintiff initially claimed he was "prevented from earning a living and supporting his family" due to Defendants' conduct. Plaintiff's amended claim for damages of lost income and business arises out of the same set of operative facts (*e.g.*, the confiscation, and subsequent loss and destruction, of property). Therefore, Plaintiff's Amended Complaint relates back to the date of the original Complaint.

Defendants claim that granting Plaintiff leave to amend the Complaint unfairly prejudices Defendants because discovery has concluded. While this is a consideration in determining whether leave to amend would be unduly prejudicial, the Court denies leave to amend the Complaint on the basis of futility. See Harrison Beverage Co. v. Dribeck Imps., Inc., 133 F.R.D. 463, 469 (D.N.J. 1990); See also Wade v. Knoxville Utils. Bd., 259 F.3d 452, 459 (6th Cir. 2001).

Generally, leave to amend must be granted unless either undue delay, bad faith or futility justify denial. See Arthur v. Maersk, Inc., 434 F.3d 196 (3d. Cir. 2006). In order to establish futility, "the non-moving party must prove that the complaint as amended would not survive a motion to dismiss for failure to state a claim upon which relief can be granted." Fahs Rolston Paving Corp. v. Pennington Props. Dev., No. 03-4593, 2007 U.S. Dist. LEXIS 59283, at *10 (D.N.J. Aug. 14, 2007). The New Jersey Supreme Court stated that refusal of leave to amend is appropriate when a newly asserted claim is not sustainable as a matter of law. See Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006).

Similarly, "an amendment is a futile gesture if the amended pleading could not survive a motion for summary judgment." Wilson v. Am. Trans. Air, Inc., 874 F.2d 386, 392 (7th Cir. 1989); see also Cal. v. Neville Chem. Co., 358 F.3d 661, 673 (9th Cir. 2004) (quoting Johnson v. Airlines, Inc., 834 F.2d 721, 724 (9th Cir. 1987)).

First, adding a special damages claim to the Complaint does not provide the necessary element Plaintiff currently lacks in order to complete a §1983 claim. The Complaint as amended still fails to show that any post-deprivation remedy is inadequate. Therefore, as a matter of law,

Plaintiff has not alleged a violation of his due process rights.

In addition, the amended claim shows no genuine issue of material fact regarding either (1) the Newark Police Department's conduct; or (2) any promulgation of a policy or practice by the City that resulted in the loss and damage of Plaintiff's property.  Summary judgment in favor of defendants would be appropriate even if the Complaint were amended as requested.

### IV.     CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for summary judgment is **granted**; and Plaintiff's cross-motion for leave to amend the Complaint is **denied**.  An appropriate Order accompanies this Opinion.

Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       March 24, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File